**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13-CR- |
| | § | 269-ALM-AGD-8 |
| JASON MICHAEL HOOD | § | |

**<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

Now before the court is the request for revocation of Defendant Jason Michael Hood's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 3, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy of the Federal Public Defender's Office. The Government was represented by Bradley Visosky.

Defendant was sentenced on September 11, 2015, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine or 50 Grams or More of Methamphetamine (actual), a Class A felony (Dkt. #407 at p. 1, Sealed). This offense carried a statutory maximum imprisonment term of life (Dkt. #407 at p. 1, Sealed). The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months (Dkt. #407 at p. 1, Sealed). Defendant was subsequently sentenced to 162 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug abuse aftercare; and a $100 special assessment (Dkt. #407 at p. 1, Sealed). On June 18, 2024, Defendant completed his period of imprisonment and began service

of the supervision term (Dkt. #407 at p. 1, Sealed). On June 6, 2020, this case was reassigned to the Honorable Amos L. Mazzant, III (Dkt. #407 at p. 1, Sealed).  On April 29, 2025, Defendant's conditions of supervision were modified to include alcohol abstinence and mental health aftercare (Dkt. #407 at p. 1, Sealed).

On December 23, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #406, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state, or local crime; (2) (mandatory) Defendant must not commit another federal, state, or local crime; (3) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) (special) Defendant shall not possess or consume alcoholic beverages  (Dkt. #406 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On April 13, 2025, Defendant committed the offenses of Terroristic Threat of a Family/Household, a Class A misdemeanor, and Simple Assault – Family Violence, a Class C misdemeanor, in Athens, Texas. At the time the Petition was prepared, both charges were pending.; (2) On December 13, 2025, Defendant committed the offense of Public Intoxication in Kaufman County, Texas. As the time the Petition was prepared, the charge was pending; (3) On November 17, 2025, Defendant submitted a drug test that was positive for cocaine. The sample was confirmed positive by the national testing lab. On October 8, 2025, Defendant submitted a drug test that was initially positive for cocaine. The sample was not confirmed positive by the national testing lab, as the specimen was too diluted for the lab to confirm the positive test. However, upon questioning, Defendant

admitted to using cocaine on or around October 4, 2025. He also admitted to using a product called QCarbo, which is designed to dilute the specimen and manipulate the test results. On August 26, 2025, Defendant reported to the probation office and submitted a drug test that was positive for cocaine. The sample was confirmed positive by the national testing lab, and Defendant admitted to using cocaine on or around August 23, 2025. On May 27, 2025, Defendant submitted a drug test that was positive for cocaine. The sample was confirmed positive by the national testing lab, and Defendant admitted to using cocaine on or around May 26, 2025. On May 13, 2025, Defendant submitted a drug test that was positive for cocaine. Defendant admitted to using cocaine on or around May 9, 2025; and (4) On December 13, 2025, as evidenced by the arrest for Public Intoxication and his own admission, Defendant consumed alcohol on December 13, 2025. The probation officer spoke to Defendant on December 15, 2025, and he admitted to drinking alcohol at his company holiday party on December 13, 2025. On May 27, 2025, Defendant admitted to consuming alcohol at a party on or around May 26, 2025. (Dkt. #406 at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1) and (2). Defendant entered a plea of true to allegations (3) and (4) of the Petition. Having considered the Petition and the plea of true to allegations (3) and (4), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court (Dkt. #416).

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twenty-seven (27) months, with an

3

eighteen (18) month term of supervised release to follow. Defendant shall reside in a residential reentry facility or similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement, to be reassessed at 90 days for progress and compliance. All prior conditions imposed in the original judgment are reimposed here.

The court recommends that the Government's motion to dismiss allegations 1 and 2 should be granted.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**SIGNED this 6th day of March, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE